IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER SIZEMORE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1589 |
| | § | |
| WAL-MART STORES, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") [Doc. # 12], to which Plaintiff Jennifer Sizemore filed a Response [Doc. # 13], and Wal-Mart filed a Reply [Doc. # 14]. Based on the Court's review of the full record in this case, and the application of governing legal authorities, the Court **grants** Defendant's Motions for Summary Judgment.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she was shopping in a Wal-Mart store when two large boxes fell on her, knocking her unconscious and causing serious injuries to her head, back, and shoulder. Plaintiff sued Wal-Mart in Texas state court, asserting causes of action based on premises liability and negligence. Plaintiff claimed past and future damages in excess of $175,000.00.

Defendant filed a timely Notice of Removal, claiming that there is federal subject matter jurisdiction based on diversity of citizenship. Counsel for both parties appeared at an initial pretrial and scheduling conference in January 2006, following which the Court issued a Scheduling Order. After ample time to complete discovery, Defendant moved for summary judgment in May 2006. The motion is ripe for decision.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable

to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant only when there is an actual controversy – "that is, when both parties have submitted evidence of contradictory facts." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Freeman v. Texas Dept. of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The movant meets this initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).

If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). A dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* (quoting *Brenoettsy*, 158 F.3d at 911); *see also Quorum Health Resources, L.L.C. v. Maverick County Hosp. District*, 308 F.3d 451, 458 (5th Cir. 2002).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *Zucker ex rel. AIM Small Cap Growth Fund v. AIM Advisors, Inc.*, 371 F. Supp. 2d 845, 847 (S.D. Tex. 2005). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden at summary judgment." *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996); *see Roberson v. Alltel Information Services*, 373 F.3d 647, 654 (5th Cir. 2004). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris*, 144 F.3d at 380.

It is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *See Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 318 (5th Cir.), *cert. denied*, 516 U.S. 823 (1995); *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). In the absence of proof, the Court will not assume that the nonmovant could or would prove the necessary facts. *See Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998).

## III.   ANALYSIS

Plaintiff, as a shopper at Wal-Mart, was a business invitee to whom Wal-Mart owed a duty to exercise reasonable care to protect her from dangerous store conditions

known or discoverable to Wal-Mart. *See Wright v. Wal-Mart Stores, Inc.*, 73 S.W.3d 552, 554 (Tex. App. – Houston [1st Dist.] 2002, no pet.) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). In order to avoid summary judgment, Plaintiff must present evidence that raises a genuine issue of material fact as to each element of her claim: (1) Wal-Mart's actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) Wal-Mart failed to exercise reasonable care to reduce or eliminate the risk; and (4) Wal-Mart's failure to use such care proximately caused Plaintiff's injuries. *Id.* Knowledge of a potentially harmful condition can be established by:

(1)  proof that employees caused the harmful condition;
(2)  proof that employees either saw or were told of the harmful condition prior to the plaintiff's injury therefrom; or
(3)  proof that the harmful condition was present for so long that it should have been discovered in the exercise of reasonable care.

*Id.*

In this case, Plaintiff has failed to present evidence that Wal-Mart had actual or constructive knowledge of any condition which caused the boxes to fall on her. She testified in her deposition that she did not see what caused the boxes to fall and that she has no knowledge regarding how the boxes were stacked. She also testified that she had been on the aisle only a minute or less before the boxes fell and that she did not see

any Wal-Mart employee in the immediate area. Absent evidence that a Wal-Mart employee caused the boxes to fall, that a Wal-Mart employee saw or was told of the dangerous condition of the boxes prior to Plaintiff's injury, or that the dangerous condition was present for long enough to be discovered through the exercise of reasonable care, Plaintiff has failed to present evidence to raise a fact dispute regarding Wal-Mart's knowledge.

Plaintiff states in her Response that Wal-Mart identified relevant documents in its Initial Disclosures but did not produce the documents. Rule 26(a) of the Federal Rules of Civil Procedure, however, requires only that the documents be described by category and location. *See* FED. R. CIV. P. 26(a)(1)(B). Plaintiff could then request production of the described documents. *See* FED. R. CIV. P. 34(b). Consequently, Defendant's failure to produce documents with its Rule 26 initial disclosures does not excuse Plaintiff's failure to present evidence in response to the pending Motion for Summary Judgment.

Plaintiff argues in her Response that Wal-Mart's subsequent remedial measures illustrate its knowledge of the dangerous condition involving the boxes. Rule 407 of the Federal Rules of Evidence, however, precludes evidence of subsequent remedial measures to "prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction." *See* FED. R. EVID. 407.

Plaintiff in her Response attempts to rely on the doctrine of *res ipsa loquitur* to avoid summary judgment, citing *Haddock v. Arnspiger*, 793 S.W.2d 948 (Tex. 1990). Initially, the Court notes that *Haddock* was a medical malpractice case that is "subject to different standards than other types of negligence cases." *Turbines, Inc. v. Dardis*, 1 S.W.3d 726, 741 (Tex. App. – Amarillo 1999, review denied). Moreover, even in *Haddock*, the application of *res ipsa loquitur* required that "(1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant." *Haddock*, 793 S.W.2d at 950; *see Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000) ("*res ipsa loquitur* is only applicable when the condition in question was under the exclusive control of the defendant"). In this case, there is no evidence that the boxes that fell on Plaintiff, or the area of the store in which they were located, were under Wal-Mart's exclusive control. Indeed, Plaintiff and possibly other customers were present in the area, indicating that the area was not under Wal-Mart's exclusive control. Therefore, Plaintiff's attempt to reply on the doctrine of *res ipsa loquitur* is unavailing and Defendant is entitled to summary judgment.

## IV.     CONCLUSION AND ORDER

Plaintiff has failed to present evidence which raises a genuine issue of material fact in support of her claim against Wal-Mart.  Accordingly, it is hereby

**ORDERED** that Wal-Mart's Motion for Summary Judgment [Doc. # 12] is **GRANTED**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **16th** day of **June, 2006.**

_____
Nancy F. Atlas
United States District Judge